# IN IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :
                                                              :   Chapter 15
GOLI NUTRITION INC., *et al.*,[1]                             :
                                                              :   Case No. 24-10438 (LSS)
                                                              :
           Debtors in a Foreign Proceeding.                   :   Jointly Administered
                                                              :
------------------------------------------------------------- x

### ORDER SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE

Upon consideration of the motion (the "Motion")[2] of Deloitte Restructuring Inc., in its capacity as the court-appointed monitor (the "Petitioner") and authorized foreign representative for the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "Canadian Proceedings"), commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Superior Court in the Commercial Division in the District of Montreal (the "Canadian Court"), seeking entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, specifying the form and manner of service of the notice of: (i) the filing of (a) the Debtors' chapter 15 petitions (collectively, the "Chapter 15 Petitions") and (b) certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Verified Petition and the Sale Motion, (ii) this Court's entry of the Provisional Relief Order (as defined below); (iii) the deadline to object to the

---

[1] The Debtors in these Chapter 15 cases, are: Goli Canada (as defined herein) and the last 4 digits of its Canadian business number is 0002; and Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Chapter 15 Petitions and the Sale Motion; and (iv) the hearing for this Court to consider the Chapter 15 Petitions and the Sale Motion, and granting certain related relief; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Petitioner, the Debtors, and other parties-in-interest in the Chapter 15 Cases; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The Recognition Hearing is scheduled for April 15, 2024 at 12:00 p.m. (prevailing Eastern time).

3. The date and time of the Recognition Hearing, including the hearing on the Sale Motion, may be adjourned or continued to a subsequent date without further notice except for an "in court" announcement at the Recognition Hearing or a filing on the docket of the Chapter 15 Cases of the date and time to which the Recognition Hearing has been adjourned.

4. The Recognition Notice, substantially in the form attached hereto as Exhibit A, is hereby approved.

5. Prior to mailing the Recognition Notice, the Petitioner may fill in any missing dates and other information, correct any typographical errors, confirm the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes as the Petitioner deems necessary or appropriate.

6. The Petitioner shall serve, or cause to be served, the following documents (the "Notice Package") on the Notice Parties by United States or Canadian mail, first class postage prepaid, by close of business on March 25, 2024:

    a. A copy of the Recognition Notice, as approved by this Court;

    b. A copy the Provisional Relief Order, as entered by this Court;

    c. A copy of the Sale Motion;

    d. A copy of the Initial Order, as entered by the Canadian Court; and

    e. copy of a notice (the "Sale Transactions Notice"), substantially in the form attached hereto as Exhibit B, setting out: (i) details of the Comeback Hearing and the relief to be sought thereat, (ii) a summary of the Sale Transactions, including references to the proposed RVO and the proposed Atos Sale Order, (iii) the currently available details for the Transaction Approval Hearing and the process for obtaining full hearing details once those are determined by the Canadian Court, and (iv) links to the website of the Petitioner, on which relevant proceedings and documents are posted, the permanent Teams links used to attend virtually at hearings before the Canadian Court and a contact email for the representative of the Petitioner.

7. The Petitioner shall serve, or cause to be served, on the Master Service List, including any party requesting to be added thereto, all pleadings filed after the Recognition Hearing by the Petitioner in the Chapter 15 Cases by United States or Canadian mail, first class postage prepaid, and such service may be supplemented (but not in lieu of) by electronic mail to the parties for whom it has email addresses, and no further or additional notice will be required. Service of all pleadings filed in these Chapter 15 Cases on the Master Service List in accordance with this Order is hereby approved as due and sufficient notice of such pleadings on all interested parties in these Chapter 15 Cases.

8. To the extent not previously served, in the event any other interested party files a notice of appearance in the Chapter 15 Cases, the Petitioner shall serve, or cause to be served, on such party the Recognition Notice and the proposed Recognition Order (or, to the extent the proposed Recognition Order has previously been entered by this Court, the Recognition Order) within three (3) business days of the filing of such notice of appearance by United States or Canadian mail, first class postage prepaid.

9. The Petitioner shall also serve copies of the contents of the Notice Package, the Chapter 15 Petitions, the Verified Petition, and the *Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, (B) Motion for Provisional Relief, and (C) Motion for order enforcing CCAA Vesting Orders* and all other papers it files in these cases by electronic mail to the parties for whom it has email addresses.

10. Service of the Notice Package and the proposed Recognition Order (or, to the extent the proposed Recognition Order has previously been entered by this Court, the Recognition Order) in accordance with this Order is hereby approved as due and sufficient notice and service of the filing of the Chapter 15 Petitions, the Verified Petition, the Provisional Relief Order, the Sale Motion, the proposed Recognition Order, the Recognition Hearing and the deadline to object to the Chapter 15 Petitions and the Sale Motion on all interested parties in the Chapter 15 Cases.

11. Any responses, answers, or objections to the Chapter 15 Petitions, the requested recognition of the Canadian Proceedings as foreign main proceedings, related relief, or the Sale Motion must (a) be in writing, (b) set forth in detail the factual and legal bases therefor, (c) be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (d) be served upon counsel for the Petitioner, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019, Attn: Andrew Rosenblatt, andrew.rosenblatt@nortonrosefulbright.com, and Landis Rath & Cobb LLP, 919 Market Street, Ste. 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, mcguire@lrclaw.com, so as to be received on or before April 8, 2024 at 4:00 p.m. (prevailing Eastern time).

12. The Petitioner is authorized to take all actions necessary to effectuate the relief granted by this Order.

13. Notwithstanding any applicability of any Bankruptcy Rules or Local Rules, the terms and conditions of this order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

14. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

**Dated: March 22nd, 2024**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE