**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| GOLI NUTRITION INC., *et al.*,[1] | ) | Case No. 24-10438 (LSS) |
| | ) | |
| Debtors in a Foreign Proceeding. | ) | Jointly Administered |
| | ) | |
| | ) | **Obj. Deadline: April 8, 2024 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: April 15, 2024 at 12:00 p.m. (ET)** |
| | ) | |
| | ) | **Re: D.I. 2, 8** |

**OBJECTION TO (A) PETITIONER'S VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF THE CANADIAN PROCEEDINGS AND REQUEST FOR RELATED RELIEF AND (B) PETITIONERS' MOTION FOR ENTRY OF AN ORDER (I) RECOGNIZING AND ENFORCING THE RVO AND THE ATOS SALE ORDER, (II) APPROVING THE SALE TRANSACTIONS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

Sharon Hoffman, Odelya Hoffman, RGL Holdings LLC, RGL Management LLC and Vitamin Friends LLC (collectively, the "**Hoffman Parties**") hereby object to (i) Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief (the "**Recognition Motion**," D.I. 2); and (ii) the Petitioner's Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the Atos Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief (the "**Sale Motion**," D.I. 8) on any and all available bases at law and equity and in

---

[1] The Debtors in these Chapter 15 cases, are: Goli Nutrition, Inc., a company incorporated in Québec, Canada and the last 4 digits of its Canadian business number is 0002; and Goli Nutrition Inc., a company incorporated in Delaware and the last 4 digits of its federal tax identification number is 2655.

connection therewith reserve all rights to assert further and other objections at or before any hearings on such Motions.[2]

The Hoffman Parties are parties to certain litigation in U.S. District Court for the Central District of California (the "**Hoffman Litigation**") against the Debtors and certain of their affiliated persons or entities. In addition, certain of the Hoffmann Parties assert ownership rights in a relatively small amount of equipment located in the United States at the Norco facility (the "**RGL Assets**") that the Debtors and Petitioner assert is instead owned by one or more of the Debtors.

As for the Recognition Motion, the Hoffmann Parties object to the extent that recognition of the Canadian proceeding and the Initial Order (as amended or extended from time to time) therein as well as any further order therein purports to stay pending actions in the United States against current and/or former officers or directors and non-Debtor affiliates of the Debtors, such as the Hoffman Litigation. Upon information and belief, the Debtors and/or Petitioner represented to the Canadian court that such actions were not intended to be stayed by the Initial Order or otherwise. The language of the proposed order granting the Recognition Motion may not be entirely consistent with those representations and therefore the Hoffmann Parties respectfully request that any order granting the Recognition Motion make that limitation of the stay crystal clear.

---

[2] Because the deadline for this objection (extended by the Petitioner to 11:30 a.m. on April 11) comes either before or literally at the same time as the Canadian court is expected to act on certain corresponding relief sought in the Canadian court, the exact parameters of the Canadian orders are unknown and may contain elements objectionable to the Hoffman Parties. For this reason, while the Hoffman Parties do not expect broad objection to the relief sought in this Court, they nonetheless must reserve all rights to object to any aspect.

With respect to the Sale Motion, as originally drafted, it appeared that the Petitioner and Debtors sought by the Sale Motion to (i) secure, among other things, for the Debtors and among others, certain of the other defendants in the Hoffmann Litigation, broad nonconsensual releases and/or exculpations for certain claims at issue in the Hoffman Litigation and (ii) sell for the account of the Debtors the RGL Assets notwithstanding that certain of the Hoffmann Parties own them.  The Hoffman Parties object to (i) any such releases or exculpations (and currently believe that appropriate language will be included in the relevant Canadian orders carving out from the various releases and exculpations the claims that the Hoffman Parties wish to preserve, thus obviating the need to press this objection) and (ii) any sale of the RGL Assets unless the proceeds thereof are segregated and preserved in an appropriate account in the United States pending either agreement between the parties or a judicial determination by this Court or another U.S. court of competent jurisdiction of ownership of the RGL Assets (and consequently the proceeds of the sale thereof).

While it may not be unprecedented that a buyer may obtain a release of certain claims in connection with a sale order under section 363, the Hoffmann Parties believe that broad releases of a buyer and third-parties of claims brought by other third parties are wholly inappropriate in such an order.  Regardless of whether that may be acceptable in a Canadian sale order, section 1520(2) of the Bankruptcy Code requires this court to approve on a *de novo* basis any sale of assets located within the territorial jurisdiction of the United States.  *In re Crystallex Int'l Corp.*, 2022 WL 17254660, at *5 (Bankr. D. Del. Nov. 28, 2022).  On its face section 363 provides only for a court-approved use sale or lease outside the ordinary course of business of *property of the estate*.  11 U.S.C § 363(b)(1).  Nowhere does that section authorize the disposition or release of claims belonging to third parties, particularly over their objection, and there is no statutory basis

for this Court to approve the same. This is true whether that property is equipment, like the RGL Assets or the claims against various parties owned by the Hoffman Parties.

The Hoffmann Parties raised concerns about the scope of the releases being provided under the RVO (as defined in the Motion) and acknowledge that the Petitioner agreed to carveout certain claims from the releases based on the fact that the Petitioner and Debtors were not trying to release such claims and intended to defend them. The Hoffmann Parties therefore only object to the enforcement of the RVO to the extent that the Petitioner or the Debtors seek such enforcement inconsistent with U.S. law or public policy regarding the efficacy of a release of claims for gross negligence or willful misconduct.

As to the sale of RGL Assets, the Hoffmann Parties do not object to the sale pursuant to the auction process contemplated by the Atos Sale Order (as defined in the Motion), provided that (i) this Court retains jurisdiction to determine (if the parties cannot agree) the quantum of value of the sale proceeds attributable to the RGL Assets and require any determination of such quantum to occur in this Court; and (ii) require any such proceeds of the sale of the RGL Assets to be segregated and preserved in an escrow account in the United States thereby preserving this Court's statutory jurisdiction over the disposition of those proceeds in accordance with section 15020(2); and (iii) this Court retains jurisdiction to determine (if the parties cannot agree) how to allocate such proceeds attributable to the RGL Assets among the parties claiming ownership thereof and require any determination of such allocation to occur in this Court, again consistent with its responsibilities under section 363.

Accordingly, the Hoffmann Parties object to the Recognition Motion, the Sale Motion, the transactions contemplated thereby, the RVO, the Atos Sale Order and any recognition or enforcement thereof in the United States for the reasons set forth above and any other available

bases at law or equity and reserve all rights in connection with the Sale Motion and any hearing thereon.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Derek C. Abbott*
        Derek C. Abbott (#3376)
        1201 North Market Street, 16th Floor
        P.O. Box 1347
        Wilmington, DE 19899-1347
        Telephone: (302) 658-9200
        Email: dabbott@morrisnichols.com

        - and -

        FOLKENFLIK & McGERITY
        Max Folkenflik
        1500 Broadway, 21st Floor
        New York, NY 10036
        Telephone: (212) 757-0400
        Email: max@fmlaw.net

        *Attorneys for Sharon Hoffman, Odelya Hoffman, RGL Holdings LLC, RGL Management LLC and Vitamin Friends LLC*

April 11, 2024