IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**GOLI NUTRITION INC.,** *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10438 (LSS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 7 & 8 |

**PARKER GROUP'S RESPONSE TO PETITIONER'S MOTION FOR ENTRY OF AN ORDER (I) RECOGNIZING AND ENFORCING THE RVO AND THE ATOS SALE ORDER, (II) APPROVING THE SALE TRANSACTIONS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

Parker Group, as lender ("Parker Group" or the "Lender") to certain Debtor subsidiaries, by and through their undersigned attorneys, respond (this "Response") to the *Petitioner's Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the Atos Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (Dkt. No. 7, 8, collectively, the "Motion"),[2] and state as follows:

1. As noted in the Motion, the Petitioner Deloitte Restructuring Inc., in its capacity as the court-appointed Monitor (the "Petitioner") seeks to utilize in part, post-petition, the Lendor's investment funds loaned to a Debtor subsidiary in the United States to effectuate a sale of the Atos Equipment and approve the sale transactions free and clear of any liens. *See* Motion at ¶¶ 31-33. The Debtors entered into an agency agreement and subscription agreement (both of which are filed under seal) for the purpose of liquidating the Atos Equipment for the benefit of Goli Canada's creditors ("Agency Agreement").

1

2. The Parker Group believes there should be an equitable distribution of estate assets that does not benefit creditors of one country to the detriment of creditors from a different country. The Parker Group has concerns regarding the application of security preferences to Goli Canada, especially given the fact that the bulk of the Debtor's assets is located in the US and were administered by Goli US and its related U.S. entities.

3. Further, the Parker Group objects that the use of its investment funds free and clear of its contractual liens with certain U.S. Debtor subsidiaries is not warranted or appropriate. Notably, it is the Parker Group's understanding that the Canadian practice is to have the Monitor hold any sale proceeds and those proceeds are only released after the Canadian bankruptcy Court grants authorization pursuant to a properly served application for permission to distribute.

4. The proposed draft Order calls for the distribution of the Deposit and the Closing Payment Amount at Closing (amounting to millions of dollars).

5. The Atos Equipment is located in the U.S. and determining who holds title to same requires the application of U.S. Law to resolve. As such, the U.S. Courts constitute the *forum conveniens* to adjudicate these rights. To the extent the Agency Agreement provides for mechanisms to determine rights to the proceeds of the Atos Equipment after a potential sale, the *forum conveniens* to determine those rights should remain in the U.S. Courts.

6. These and other concerns have been raised and discussed among the parties, and the parties are negotiating the terms of an agreed-upon arrangement to account for such post-petition damages. Accordingly, Parker Group reserves all rights with respect to the relief sought in the Motion to the extent that it contemplates impairing the Parker Group's investments.

Dated: April 12, 2024

                              **JACK SHRUM P.A.**

                              */s/ Jack Shrum*_____
"J" Jackson Shrum, Esq. (DE #4757)
919 N. Market Street, Suite 1410
Wilmington, DE 19801
Phone: (302) 543-7551
Fax: (302) 543-6386
Email: Jshrum@jshrumlaw.com
*Attorney for Parker Group*

## CERTIFICATE OF SERVICE

I, "J" Jackson Shrum, hereby certify that on April 12, 2024, I caused a copy of the *Parker Group's Response To Petitioner's Motion For Entry Of An Order (I) Recognizing And Enforcing The RVO And The Atos Sale Order, (II) Approving The Sale Transactions Free And Clear Of Liens, Claims, And Encumbrances, And (III) Granting Related Relief* to be served vis CM/ECF on all counsel and parties who have entered appearances and consented to CM/ECF notification.

Dated: April 12, 2024                                   */s/ Jack Shrum*  
                                                        "J" Jackson Shrum (#4757)