# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :
                                                                 :  Chapter 15
GOLI NUTRITION INC., *et al.*,[1]                                :
                                                                 :  Case No. 24-10438 (LSS)
                                                                 :
         Debtors in a Foreign Proceeding.                        :  Jointly Administered
                                                                 :
---------------------------------------------------------------- x  **Ref. Nos. 7 & 53**

### ORDER RECOGNIZING AND ENFORCING THE RVO
### AND GRANTING RELATED RELIEF

Upon consideration of the motion to approve, among other things, the RVO [Docket No. 7](the "Motion")[2] filed by Deloitte Restructuring Inc., in its capacity as the court-appointed monitor and duly authorized foreign representative (in such capacity, the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Goli Nutrition Inc., a company incorporated in Québec, Canada ("Goli Canada"), and Goli Nutrition Inc., a company incorporated in Delaware ("Goli US," and, together with Goli Canada, the "Debtors"); and upon consideration of the Verified Petition, the Zucker Declaration, the *Petitioner's Supplement in Support of Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the ATOS Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* [Docket No. 53] (the "Supplemental Brief"), and the *Supplemental Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, (B) Motion for Provisional Relief, and (C) Motion for Order Enforcing CCAA Vesting Orders*

---

[1] The Debtors in these Chapter 15 cases, are: Goli Canada (as defined herein) and the last 4 digits of its Canadian business number is 0002; and Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{1431.001 W0075027.2W0075027.3}

dated April 11, 2024 [Docket No. 56] and the Declaration of Noah Zucker dated April 13, 2024 {Docket No. 67] (collectively, the "Supplemental Zucker Declarations"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501; and venue being proper before this Court pursuant to § 1410; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and adequate and sufficient notice of the filing of the Motion having been given by the Petitioner; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors and the Petitioner; and this Court having held a hearing (the "Hearing") to consider the relief requested in the Motion; and there being no objections or other responses filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      This Court entered the Recognition Order [Docket No. ~~__~~ 85] on April ~~__~~ 18, 2024, and has found that the Debtors have satisfied the requirements of, among others, sections 101(23) and (24), 1502(4), 1504, 1509, 1515, 1517, 1520, 1521, and 1522 of the Bankruptcy Code.  All such findings by this Court are hereby incorporated by reference herein and such Recognition Order shall continue in effect in all respects except to the extent this Order directly modifies or directly contradicts such Recognition Order.

B.      On April 9, 2024 (as rectified on April 17, 2024), the Canadian Court entered the RVO, approving, among other things, the RVO transaction and all related documents, and the addition of Residual Co. as an applicant in the Canadian Proceedings and the removal of Goli Canada as an applicant in the Canadian Proceedings; ordering Goli Canada to issue the Subscribed

Shares, and vesting in the Purchaser all right, title and interest in and to the Subscribed Shares, free and clear of any encumbrances; ordering Goli Canada to redeem and cancel the Legacy Equity Interests (as defined in the RVO) without any payment or other consideration; and approving the Pre-Closing Reorganization (as defined in the RVO) and vesting out of Goli Canada certain excluded assets, contracts and liabilities and discharging all encumbrances against Goli Canada other than certain permitted encumbrances.

      C.      Based on the affidavits of service filed with, and the representations made to, this Court: (i) notice of the Motion, the Hearing, and the RVO was proper, timely, adequate, and sufficient under the circumstances of these Chapter 15 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (ii) no other or further notice of the Motion, the RVO, or the entry of this Order is necessary or shall be required.

      D.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

      E.      The relief granted herein is necessary and appropriate, is in the interest of the public, promotes international comity, is consistent with the public policies of the United States, is warranted pursuant to sections 105(a), 1501, 1507, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

      F.      Based on the information contained in the Motion, the Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, and the record made at the Hearing, the Debtors, with the consent of and in consultation with the Lenders, conducted an extensive marketing and sales process prior to the commencement of the Canadian Proceedings

with respect to the Debtors' business and their assets, and such process was non-collusive, duly noticed, and provided a reasonable opportunity for potential buyers to make any offer. The Petitioner, the Debtors and the Lenders, whose collateral is the subject to the Sale Transactions, support RVO transaction, including the disposition of the Subscribed Shares pursuant to the Subscription Agreement in connection with the RVO transaction. As such, it is appropriate that the Subscribed Shares be issued to the Purchaser on the terms and subject to the conditions set forth in the Subscription Agreement.

  G. Based on information contained in the Motion, the Verified Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, and the record made at the Hearing, the relief granted herein relates to assets and interests that, under the laws of the United States, should be administered in the Canadian Proceedings.

  H. Based on information contained in the Motion, the Verified Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, and the record made at the Hearing, the Debtors' performance under the Subscription Agreement: (i) constitute a sound and reasonable exercise of the Debtors' business judgment; (ii) provide value and are beneficial to the Debtors and is in the best interests of the Debtors, their estates, and their stakeholders; and (iii) are reasonable and appropriate under the circumstances. The consideration provided by the Purchaser for the Subscribed Shares under the Subscription Agreement was the highest and best offer providing a greater recovery than any available alternative and constitute fair consideration and reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, Uniform Avoidance Transaction Act, and other laws of the United States, any state, territory, possession thereof, or the District of Columbia.

I. Time is of the essence in consummating the transactions implemented pursuant to the Subscription Agreement. To maximize the value of the Subscribed Shares, it is essential that the pertinent transactions occur and be recognized and enforced in the United States promptly. The Petitioner, on behalf of the Debtors, has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate implementation and consummation of such transactions. Accordingly, the transactions contemplated by the Subscription Agreement can be closed as soon as reasonably practicable upon entry of this Order.

J. Based upon the information contained in the Motion, the Verified Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, the other pleadings and documents filed in these chapter 15 cases, and the record made at the Hearing, the Subscription Agreement was negotiated, proposed, and entered into by the Debtors and the Purchaser, in good faith, without collusion, and from arm's-length bargaining positions.

K. Based upon the information contained in the Motion, the Verified Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, the Subscription Agreement was not entered into for the purpose of hindering, delaying, or defrauding any present or future creditors of the Debtors.

L. In accordance with the RVO, the Purchaser will acquire the Subscribed Share and will be vested with all rights, title, and interests in and to the Subscribed Shares, free and clear of all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances and Retained Liabilities (as defined in the RVO).

M. Based upon the information contained in the Motion, the Verified Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, the Petitioner and the Debtors, as appropriate: (i) have full power and authority to execute the Subscription

Agreement and all other documents contemplated thereby; (ii) have all the power and authority necessary to consummate the transactions contemplated by the Subscription Agreement; and (iii) upon entry of this Order, other than any consents identified in the RVO and Subscription Agreement, need no consent or approval from any other person or governmental unit to consummate the transactions contemplated thereby. Such transactions have been duly and validly authorized by all necessary corporate action of the Debtors.

N.  Pursuant to the RVO, the Subscription Agreement is a valid and binding contract between the Debtors and the Purchaser and shall be enforceable pursuant to its terms. The Subscription Agreement, the transactions contemplated thereby, and the consummation thereof shall be specifically enforceable against and binding upon the Debtors and the Petitioner in these chapter 15 cases and shall not be subject to rejection or avoidance by the foregoing parties or any other Person (as defined in section 101(41) of the Bankruptcy Code).

O.  Based upon the information contained in the Motion, the Verified Petition, the Zucker Declaration, the Supplemental Brief, the Supplemental Zucker Declarations, the Purchaser would not have entered into the Subscription Agreement and would not consummate the related transactions, thus adversely affecting the Debtors, their estates, and their creditors, and other parties in interest, if Purchaser did not, in accordance with the RVO, acquire the Subscribed Shares free and clear of all liens, claims, encumbrances, and other interests (other than the Permitted Encumbrances and Retained Liabilities as defined in the RVO), or if the Purchaser would, or in the future could, be liable on account of any such lien, claim, encumbrance, or any other interest, including, as applicable, certain liabilities related to the Subscribed Shares that will not be assumed by the Purchaser, as described in the Subscription Agreement.

P.  The interests of the Debtors' creditors in the United States are sufficiently protected. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policies of the United States, and warranted pursuant to sections 1521(b) and 1522 of the Bankruptcy Code.

Q.  The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

R.  Any and all findings of fact and conclusions of law announced by this Court at the Hearing are incorporated herein.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT**:

1.  The Motion is granted as set forth herein.

2.  All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

<u>Recognition and Enforcement of the RVO</u>

3.  The RVO, a copy of which is annexed hereto as **Exhibit 1**, and all of its respective terms, including any immaterial or administrative amendments thereto, including those necessary to give effect to the substance of such order, either pursuant to the terms therein or as approved by the Canadian Court, are fully recognized, enforced, and given full force and effect in the United States in their entirety. The failure specifically to refer to or include any particular provision of the Subscription Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Subscription Agreement and the transactions contemplated thereunder, be fully recognized, enforced, and given full force and effect in the United States in their entirety.

4.      Pursuant to sections 105, 1501, 1507, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, the RVO and this Order, the Debtors, the Purchaser, and the Petitioner (as well as their respective officers, employees, and agents) are authorized to take any and all actions necessary or appropriate to: (a) consummate the transactions contemplated by the Subscription Agreement, including the sale of the Subscribed Shares to the Purchaser, in accordance with the Subscription Agreement, the RVO, and this Order; (b) distribute proceeds of the Subscription Agreement in accordance with and as authorized therein; (c) issue the Monitor's certificate in the form attached as Schedule A to Goli US and the Purchaser (the "Certificate"), and (d) perform, consummate, implement, and close fully the transactions contemplated by the Subscription Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Subscription Agreement and the transactions contemplated thereunder and to take such additional steps and all further actions as may be necessary or appropriate to the performance of the obligations contemplated by the Subscription Agreement, all without further order of the Court, and are hereby authorized and empowered to cause to be executed and filed such statements, instruments, releases, and other documents on behalf of such Person (as defined in section 101(41) of the Bankruptcy Code) with respect to the Subscribed Shares that are necessary or appropriate to effectuate the Subscription Agreement and the transactions contemplated thereunder, any related agreements, the RVO, and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors or the Purchaser may determine are necessary or appropriate, and are hereby authorized and empowered to cause to be filed, registered, or otherwise recorded a certified copy

of the RVO, this Order or the Subscription Agreement, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances, and other interests against the Subscribed Shares.  The RVO and this Order are deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

5. Pursuant to sections 105(a), 1501, 1507, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, and in accordance with and subject to the RVO and Subscription Agreement, on the Closing Date, the Subscribed Shares shall be transferred and absolutely vest in the Purchaser, without further instrument of transfer or assignment, and such transfer shall: (a) be a legal, valid, binding, and effective transfer of the Subscribed Shares to the Purchaser; (b) vest the Purchaser with all rights, title, and interests in the Subscribed Shares; and (c) be free and clear of all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances and Retained Liabilities (as defined in the RVO).

6. Pursuant to sections 105(a), 1501, 1507, 1520, 1521, 1525 and 1527 of the Bankruptcy Code, and in accordance with and subject to the RVO and Subscription Agreement, upon the closing of the transaction contemplated by the Subscription Agreement, except with respect to solely Permitted Encumbrances and Retained Liabilities (as defined in the RVO): (a) no holder of a lien, claim, encumbrance, or other interest against or in the Debtors and/or their assets shall interfere, and each and every such holder is enjoined from interfering with the Purchaser's rights and title to or use and enjoyment of the Subscribed Shares; and (b) the sale of the Subscribed Shares, the Subscription Agreement, and any instruments contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any successor thereof.  All Persons holding a lien, claim, encumbrance, or other interest against or

in the Debtors and/or their assets are forever barred and enjoined from asserting such lien, claim, encumbrance, or other interest against the Subscribed Shares, the Purchaser, or any of its members, and their respective affiliates and their respective officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives, successors, and assigns from and after closing of the transactions contemplated by the Subscription Agreement.

7. The terms and provisions of the Subscription Agreement, the RVO, and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Purchaser, the Petitioner, the Debtors' creditors, and all other parties in interest, and any successors of the Debtors, the Purchaser, the Petitioner, and the Debtors' creditors, including any foreign representative(s) of the Debtors, trustee(s), examiner(s), or receiver(s) appointed in any proceeding, including, without limitation, any proceeding under any chapter of the Bankruptcy Code, the CCAA, or any other law, and all such terms and provisions shall likewise be binding on such foreign representative(s), trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, their creditors, or any trustee(s), examiner(s), or receiver(s).

8. Subject to the terms and conditions of the RVO, the Subscription Agreement and any related agreements, documents, or other instruments, may be modified, amended, or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of this Court; *provided* that any such modification, amendment, or supplement does not materially change the terms of such agreements, documents, or other instruments and is otherwise in accordance with the terms of the RVO.

9. The provisions of this Order and the Subscription Agreement are non-severable and mutually dependent. To the extent that there are any inconsistencies between the terms of this

Order and the RVO, on the one hand, and the Subscription Agreement, on the other, this Order and the RVO shall govern.

### Releases

10. The releases, exculpation, and injunctive provisions set forth in the RVO are expressly recognized by this Court and given full force and effect in the United States. For the avoidance of doubt, nothing herein shall release, exculpate, or enjoin any claims arising out of fraud, bad faith or illegal acts.

11. In accordance with and subject to the RVO and the Subscription Agreement, effective upon the issuance of the Certificate, (i) Goli Canada, Martin Leroux, Michael Bitensky, Deepak Agarwal, and Randy Bitensky, and (ii) the Purchaser and its present and former directors, officers, employees, shareholders, legal counsel and advisors (the Persons listed in (i) and (ii) being collectively, the "Released Parties") shall be deemed to be forever irrevocably released and discharged from any and all present and future claims whatsoever (including, without limitation, claims for contribution or indemnity), liabilities, indebtedness, demands, actions, causes of action, complaints, counterclaims, suits, damages, judgements, orders (including for injunctive relief or specific performance), executions, recoupments, debts, sums of money, expenses, accounts, liens, taxes, recoveries, and obligations of any nature or kind whatsoever (whether direct or indirect, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured or due or not yet due, in law or equity and whether based in statute or otherwise) based in whole or in part on any act or omission, transaction, offer, investment proposal, dealing, statutory declaration under the Canada Business Corporations Act, R.S.C., 1985, c. C-44 as permitted pursuant to the terms of the RVO, or other occurrence existing or taking place prior to the issuance of the Certificate or completed pursuant to the terms of the RVO and/or in connection with the Subscription Agreement, in respect of Goli Canada or its assets, business or

affairs, or prior dealings with Goli Canada, wherever or however conducted or governed, the administration and/or management of Goli Canada and the Canadian Proceedings (collectively, the "Released Claims"), which Released Claims are hereby fully, finally, irrevocably and forever waived, discharged, released, cancelled and barred as against the Released Parties, and are not vested nor transferred to Residual Co. or to any other entity and are extinguished. Nothing in this paragraph shall waive, discharge, release, cancel or bar any claim against past and present directors of Goli Canada (Martin Leroux, Michael Bitensky and Deepak Agarwal) that relate to contractual rights of one or more creditors, or that is based on allegations of misrepresentations made by directors to creditors, or based on wrongful or oppressive conduct by directors, as it is not permitted pursuant to section 5.1(2) CCAA. Furthermore, nothing in this paragraph shall waive, discharge, release, cancel or bar the claims against past and present directors, officers and employees of Goli Canada asserted in (a) the claims before the United States District Court for the Central District of California (case 2:23-cv-06597-CAS-MAA) against Goli Nutrition, Inc., 12416913 Canada Inc. (Predecessor 3), Deepak Agarwal, Michael Bitensky, VMG Partners Mentors Circle IV L.P., VMG Partners IV, 11 L.P., Merical Inc., Randy Bitensky, VMG Partners, Wayne Wu, Jonathan Marshall and Roger Tyre by Sharon Hoffman and Odelya Hoffman et al., as amended (the "Hoffman v Goli Claim"), and (b) any filing of the claims asserted in the Hoffman v Goli Claim as compulsory counterclaims in the claim before the United States District Court for the Central District of California (case 5:23- cv-00514-GW-DTB) against Sharon Hoffman by Goli Nutrition Inc.

12.     Pursuant to the terms of the RVO, and without limiting any other protections afforded to the Monitor under the RVO and/or CCAA, (a) "the Monitor, as well as its employees and representatives shall incur no liability whatsoever as a result of acting in accordance with [the RVO] and the Subscription Agreement approved [by the RVO], other than any liability arising

directly out of the gross negligence or wilful misconduct of the Monitor; and (b) no action lies against the Monitor by reason of [the RVO] or the performance of any act authorized by [the RVO], except by leave of the Canadian Court on ten (10) days notice to the Monitor and its counsel."

**Additional Provisions**

13. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the Debtors' operations on account of the filing or pendency of these Chapter 15 Cases or the consummation of the Sale.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

15. Notwithstanding anything to the contrary in this Order, the RVO, or any other document, this Court shall retain exclusive jurisdiction to hear and determine all disputes which are in any forum or court within the territorial United States involving the existence, nature, scope, or enforcement of any exculpations, discharges, injunctions, and releases granted in the RVO, or recognized by this Order.

16. Nothing in this Order shall be deemed to waive, release, extinguish, or estop the Debtors or the Petitioner from asserting, or otherwise impair or diminish, any right (including, without limitation, any right of recoupment), claim, cause of action, defense, offset, or counterclaim in respect of any asset or interest that is not a Subscribed Share.

17. Consistent with the RVO, all Persons subject to the jurisdiction of the United States are permanently enjoined and restrained from taking any actions inconsistent with, or interfering with, the enforcement and implementation of the RVO or any documents incorporated by the foregoing.

18. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the RVO.

19. Upon the closing of the Principal Transaction, as evidenced by the issuance of the Certificate, Goli Canada shall cease to be an applicant in the Canadian Proceedings, and thus upon the filing of a copy of the Certificate with this Court, and without further order of the Court, the Chapter 15 case of Goli Canada shall be deemed fully administered and the Chapter 15 Cases closed with respect to Goli Canada, subject to the rights of any interested party to request an order reopening the case under section 350(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 5010 and the applicable Local Bankruptcy Rules.

20. The Chapter 15 Case of Goli US shall proceed after the closing of the Goli Canada Chapter 15 Case with the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| GOLI NUTRITION INC., *et al.*,[1] | Case No. 24-10439 (LSS) |
| Debtors in a Foreign Proceeding. | |

21. Upon the addition of any Residual Co. or any other residual company as an applicant in the Canadian Proceeding pursuant to the RVO and subject to the filing of a Chapter 15 petition on behalf of such Residual Co. or other residual company with this Court and the granting of a motion for joint administration, (a) such Chapter 15 case will be jointly administered

---

[1] The Debtors in this Chapter 15 case is Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtor is managed from its corporate headquarters which is located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

with the above-captioned Chapter 15 case of Goli US, (b) any and all relief granted by and findings of this Court with respect to the Debtors in these Chapter 15 Cases following the Petition Date shall apply to such Residual Co. or other residual company to the same extent as such relief and findings apply to the Debtors, and (c) any reference in any order of this Court to a "Debtor" in these Chapter 15 Cases shall be deemed to include a reference such Residual Co. or other residual company, *mutatis mutandis*.

22. Notwithstanding anything herein, this Order shall not release or discharge any rights or claims that the Hoffman Parties may have against Residual Co. or any of the Excluded Assets located in the Norco Facility, if any, and any such rights or claims, if any, as against any of the Excluded Assets located in the Norco Facility shall attach to the Excluded Assets located in the Norco Facility following their transfer to Residual Co. with the same nature and priority as they had immediately prior to such transfer.

23. ~~22.~~ Notwithstanding any provisions in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the Debtors, the Petitioner, and the Purchaser, are authorized, each in its discretion, in accordance with the RVO, to close the transactions contemplated by the Subscription Agreement immediately upon entry of this Order.

24. ~~23.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order and the RVO in the United States.

Dated: _____, 2024         _____
Wilmington, Delaware              UNITED STATES BANKRUPTCY JUDGE